**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**DELTA DIVISION**

**JACQUELINE BOHANNA**                                             **PLAINTIFF**

**V.**                           **CASE NO. 2:08CV164**

**TUNICA COUNTY**                                       **DEFENDANT**

## MEMORANDUM OPINION

This cause comes before the court on the motion of defendant, Tunica County, for summary judgement.

Plaintiff, Jacqueline Bohanna, filed the instant action alleging violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Bohanna works as a Medical Office Assistant at the Tunica County Medical Clinic. She alleges she was

> written up, given extra work to do, humiliated, belittled, and threatened in front of patients and employees." In retaliation for complaining of such acts, Bohanna claims "[a] telephone cord was wrapped around [her] neck and pulled tightly, [her] job was taken away while [she] was on medical leave,[1] . . . [she] was told [her] boss [could] talk to [her] anyway she wants to, . . . and [she] was denied one day of vacation.

She further alleges Caucasian employees were not subjected to this type of behavior.

On July 9, 2007, Bohanna filed a complaint regarding these incidents with the Equal Employment Opportunity Commission ("EEOC"). On April 10, 2008, Bohanna received a right to sue letter from the Department of Justice. She filed the instant suit on July 10, 2008. Following the discovery period Tunica County filed its motion for summary judgment arguing (1) Bohanna's suit was not cognizable under Title VII because Tunica County had not taken an

---

[1] Bohanna withdrew this complaint at her deposition.

adverse employment action against her; (2) Bohanna's claims were barred by the statute of limitations; and, (3) Bohanna can not show these incidents are actionable harassment based on race. Bohanna failed to respond to the motion.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S.Ct. at 2110.

Claims of racial discrimination are governed by the evidentiary standard adopted in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792 (1973). Under *McDonnell Douglas*, a plaintiff has the initial burden of making a *prima facie* case. *Id*. at 802. Once the plaintiff has established a *prima facie* case the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for the employment decision. *Id*. at 802-03. If the defendant is able to articulate a legitimate reason for its action the ultimate burden rests on the plaintiff to prove the employment decision was the result of a discriminatory practice. *Id*. at 804.

A plaintiff may make a *prima facie* case for direct discrimination in a number of ways.

2

For instance a plaintiff may show that: (1) she is a member of a protected class; (2) she sought and was qualified for the position in question; (3) she was denied or discharged from that position or suffered some adverse employment action; and, (4) a person outside her protected class and with similar qualifications was hired. *Id.* at 802.

A *prima facie* case of retaliation requires a plaintiff show:

> (1) she participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003); *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)).

All *prima facie* cases of discrimination require an adverse employment action. *McCoy*, 492 F.3d at 557 (citing *Johnson v. Louisiana*, 351 F.3d 616, 621 (5th Cir. 2003); *Fierros v. Tex. Dep't of Health*, 274 F.3d 187 (5th Cir. 2001)). The phrase adverse employment action can mean a number of things. "Without endorsing the specific results" of all the cases on tangible employment actions within the Circuits, the Supreme Court summarized the law of the Circuits writing:

> A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.

*Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 761 (1998) (citing *Kocsis v. Multi-Care Management, Inc.*, 97 F.3d 876, 887 (6th Cir. 1996); *Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994); *Flaherty v. Gas Research Institute*, 31 F.3d 451, 456 (7th Cir.

1994); *Crady v. Liberty Nat. Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)). Because of the wide-range of possible configurations of such a case a plaintiff failing to inform the court of the type of adverse action taken would normally have her claim dismissed. However, because this matter is presented *pro se*, the court will give the benefit of the doubt to Bohanna.

Failure to hire a qualified applicant because of race has been recognized as an adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802. Here Bohanna was and still is an employee of Tunica County and does not assert she has been denied any opportunity within that employment. Denial of a pay increase can be an adverse employment action. *Fierros*, 274 F.3d at 193. Bohanna concedes she has never been denied a pay increase. Giving a negative reference in retaliation for protected Title VII activities can be an adverse employment action. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 845 (1997). Bohanna makes no allegation consistent such a finding. Bohanna has not been reassigned. Nor does she fear losing her job.

Tunica County seems to think Bohanna is bringing a constructive discharge claim. "A constructive discharge occurs when an employer makes working conditions so intolerable that a reasonable employee would feel compelled to resign." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 771 (5th Cir. 2001). The Fifth Circuit considers six factors in determining if a constructive discharge has occurred:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (6) offers of early retirement that would make the employee worse off whether the offer [was] accepted or not.

*McCoy*, 492 F.3d at 557 (citing *Haley v. Alliance Comprssor LLC*, 391 F.3d 644, 650 (5th Cir.

4

2004); *Hunt*, 277 F.3d at 771-72). Bohanna makes no allegation that she has been demoted, had her salary reduced, had a reduction in job responsibilities, been reassigned, or offered early retirement. Thus the only factor that could weigh in her favor is that she has suffered badgering, harassment, and humiliation calculated to encourage her resignation.

In support of this claim Bohanna alleges her supervisor, Pamela Perry, wrapped a phone cord around her neck on one occasion, that she was told Perry could talk to her however she liked, that on one occasion she was told she could not take vacation on a particular date, and she was once counseled that she needed to improve her performance. None of these incidents rise to the level that would make a reasonable employee feel they should resign.

While this opinion has adopted the phraseology used by Bohanna in describing the phone cord incident, deposition testimony reveals that "wrapping a cord around my neck" offers the wrong impression of that event. The record reveals that Perry pulled a phone cord across Bohanna's body while speaking on the phone. Bohanna said her feelings were hurt because Perry could have remained on the other side of Bohanna's body while speaking on the phone. In response to this issue Bohanna simply removed the phone cord.

No evidence relating to the way Perry spoke to Bohanna has been provided to the court. The evidence as to Bohanna being denied permission to take a day of vacation is obviously reasonable and does not support any claim. The facts show Bohanna was told she was needed in the office on a particular day and could not have that day off. Nothing indicates Bohanna lost a day of vacation or received her vacation benefits in any way different than other employees. Finally Bohanna complains of a poor performance evaluation. The evidence shows this evaluation was a normal part of workplace procedures and that it was reasonably related to

Bohanna's work troubles.  The evidence also shows that Bohanna conformed to the improvement plan presented and shortly thereafter received a glowing evaluation.  No objectively reasonable person could see these events as compelling resignation.  Thus any claim under a constructive discharge theory must fail.

Similar to constructive discharge is a claim one is subject to working "in a discriminatorily hostile or abusive environment." *See Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (citing *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986)); .  In that case the Court held:

> When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult,' that it's 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated.

*Id*. (quoting *Meritor*, 477 U.S. at 65, 67).  Such a claim is only cognizable if it affects a term condition or privilege of employment.  *McGarry v. University of Mississippi Medical Center*, 2009 WL 4823013, at *4 (5th Cir. Dec. 4, 2009) (citing *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005)).

> In order . . . to affect a term, condition or privilege of employment, it must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'

*Id*. (quoting *Harris*, 510 U.S. at 21).

The events complained of are isolated and mild.  In the retaliation context, Perry's actions do not rise to the level where they might dissuade one from making a charge of discrimination. *See Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (citing *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)).  As discussed above these complained of

events are hardly the substance from which Title VII claims legitimately arise. Taken in the light most favorable to Bohanna these events could cause hurt feelings. However, Title VII does not set forth "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998). Further it does not make actionable "petty slights or minor annoyances . . . that all employees experience." *Burlington*, 548 U.S. at 68.

Based on the above stated reasons the court will grant Tunica County's motion for summary judgment. The court does not reach the statute of limitations or actionable harassment based on race issues raised by Tunica County. A final judgment shall issue separately.

This the 19th day of February, 2010.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**